IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEPHEN W. RUPP, Trustee of the Chapter 7 Bankruptcy Estate of Teresa Lynn Pearson, <br><br> Plaintiff/Appellant, <br><br> v. <br><br> TERESA LYNN PEARSON, <br><br> Defendant/Appellee. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:15-cv-00122-CW <br><br> Judge Clark Waddoups |

This matter comes before the court on Chapter 7 Trustee Stephen W. Rupp's appeal from the decision of the United States Bankruptcy Court for the District of Utah denying Mr. Rupp's motion for default judgment and dismissing the complaint against Debtor Teresa Pearson with prejudice. *Rupp v. Pearson*, No. 14-2020 (Bankr. D. Utah) (Aplt. Appx. pp. 55–64). This court held a hearing on the appeal and took the matter on submission. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a), the court affirms the decision of the bankruptcy court.

## BACKGROUND[1]

Ms. Pearson and her husband are frequent bankruptcy filers, having filed nine petitions for bankruptcy under either Chapter 7 or 13 in the last twenty-two years. (Aplt. Appx. p. 21). This case arises out of Ms. Pearson's actions related to a petition for relief under Chapter 13 that she filed in 2012. As part of that case, Ms. Pearson proposed—and the bankruptcy court accepted—a plan whereby she would make payments to the Chapter 13 bankruptcy estate from her federal and state tax refunds for the 2012 tax year. (*Id.*, pp. 17–18). Specifically, if her refund

---

[1] In reciting the facts of this case, the court takes as true the facts contained in the amended complaint.

1

exceeded $1,000, she could retain up to $2,000 and pay the remainder to the bankruptcy estate. (*Id.*). Ms. Pearson received her 2012 federal tax refund in the amount of $4,829.00 in April 2013, but rather than give any portion to the Chapter 13 trustee, she spent it all on "non-exempt personal items."[2] (*Id.*, p. 19). As a result, the bankruptcy court dismissed the Chapter 13 case for Ms. Pearson's failure to comply with the plan. (*Id.*).

In October 2013, Ms. Pearson filed for Chapter 7 bankruptcy and Mr. Rupp was appointed trustee of the Chapter 7 bankruptcy estate. (*Id.*, p. 20). He filed an amended complaint alleging that Ms. Pearson should be denied a discharge of her debt because she spent the 2012 tax refund within a year of filing her Chapter 7 petition, and did so with the intent to hinder, delay, or defraud a creditor of the estate. *See* 11 U.S.C. § 727(a)(2)(A) (providing for discharge unless the debtor, with intent to hinder, delay, or defraud a creditor, has transferred property of the estate within one year before the date of the filing of the petition). When Ms. Pearson did not respond to the amended complaint, Mr. Rupp obtained a default certificate and filed a motion for default judgment. (Aplt. Appx. pp. 56–57). The bankruptcy court conducted a hearing on the motion and, after deeming all of the factual allegations in the amended complaint admitted, concluded Mr. Rupp was not entitled to judgment against Ms. Pearson. (*Id.*, pp. 61–63). Specifically, the bankruptcy court found that Mr. Rupp failed to allege sufficient facts to show Ms. Pearson spent the 2012 refund with the intent to hinder, delay, or defraud a creditor of the estate. (*Id.*).[3] Accordingly, the court denied the motion for default judgment and dismissed the amended complaint with prejudice. (*Id.*, p. 64). Mr. Rupp appeals.

---

[2] Although the amended complaint does not elaborate on what these personal items were, Mr. Rupp represented to the bankruptcy court that Ms. Pearson spent the refund on living expenses, bills, and her children. (Aplt. Appx. 60).

[3] The bankruptcy court concluded Mr. Rupp had established a transfer of property of the bankruptcy estate within one year before the date of filing the petition. (Aplt. Appx. pp. 60–61). Ms. Pearson did not appeal this determination. Thus, the only element at issue on appeal is Ms. Pearson's intent.

## ANALYSIS

1. **Standard of Review**

In an appeal from a decision of the bankruptcy court, this court applies the same standard of review that governs review in other appellate cases. *Troff v. State of Utah (In re Troff)*, 488 F.3d 1237, 1238–39 (10th Cir. 2007). The court reviews legal conclusions de novo and factual findings for clear error. *Miller v. Bill & Carolyn Ltd. P'ship (In re Baldwin)*, 593 F.3d 1155, 1159 (10th Cir. 2010). Decisions that are commanded to the discretion of the bankruptcy court are reviewed for an abuse of discretion. *In re Wallace*, 298 B.R. 435, 439 (B.A.P. 10th Cir. 2003) *aff'd*, 99 F. App'x 870 (10th Cir. 2004).

2. **The Merits**

In this appeal, Mr. Rupp contends the bankruptcy court erred when it concluded the amended complaint was insufficient to state legitimate grounds to deny the discharge, declined to enter default judgment, and sua sponte dismissed the amended complaint with prejudice. (Dkt. No. 4, p. 21). According to Mr. Rupp, the allegations in the amended complaint—specifically the allegation that Ms. Pearson was a sophisticated debtor with the full knowledge that a portion of the tax refund was part of the bankruptcy estate pursuant to the Chapter 13 plan—illustrate that she spent the refund with the intent to defraud creditors. (Dkt. No. 8, pp. 6–8). Mr. Rupp finally claims that the bankruptcy court's decision evidences impermissible advocacy on behalf of Ms. Pearson. (Dkt. No. 4). This court is unpersuaded by Mr. Rupp's arguments.

To begin, the bankruptcy court did not abuse its discretion in declining to grant Mr. Rupp's motion for default judgment. *See In re Taylor*, 495 B.R. 28, 33 (B.A.P. 10th Cir. 2013) (recognizing that the decision to grant default judgment is trusted to the sound discretion

of the bankruptcy court). As the bankruptcy court recognized, a plaintiff is not automatically entitled to judgment after default. *See Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) ("[A] defendant's default does not in itself warrant the court in entering a default judgment." (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, "a default is . . . merely an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Jackson v. Correctional Corp. of Am.*, 564 F. Supp. 2d 22, 26–27 (D.D.C. 2008) (citations and internal quotation marks omitted). Thus, before granting default judgment, a court must carefully examine the complaint to ascertain if the unchallenged factual allegations—as opposed to legal conclusions—state a plausible claim for relief. *See, e.g.*, *Bixler*, 596 F.3d at 762 ("Once default is entered, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (internal quotation marks omitted)).[4] Therefore, rather than acting as an advocate for Ms. Pearson, the bankruptcy court correctly examined Mr. Rupp's amended complaint to determine if the allegations, taken as true, established a legitimate basis to deny discharge under § 727(a)(2)(A).

Reviewing the legal sufficiency of the amended complaint de novo, *In re Baldwin*, 593 F.3d at 1159, this court agrees with the bankruptcy court that Mr. Rupp failed to allege sufficient facts to state a legitimate basis to deny discharge under § 727(a)(2)(A). As the bankruptcy court explained, to deny Ms. Pearson's discharge under § 727(a)(2)(A), Mr. Rupp was required to allege facts sufficient to show by a preponderance of the evidence that Ms. Pearson acted with the actual intent to defraud creditors. *See Mathai v. Warren (In re Warren)*, 512 F.3d 1241, 1249 (10th Cir. 2008) (citation omitted). Because a debtor rarely "lays bare . . . her subjective intent,"

---

[4] A classic legal conclusion would be, for example, Mr. Rupp's allegation that Ms. Pearson acted with the intent to defraud creditors. This type of allegation cannot be deemed admitted for the purpose of default judgment.

Mr. Rupp could have met this burden by providing circumstantial evidence or inferences drawn from a course of conduct. *Id.* Utah Code Annotated Section 25-6-5(2) outlines eleven badges of fraud that can be considered evidence from which actual fraud can be inferred:

> (a) the transfer or obligation was undisclosed or concealed ; (b) the transfer or obligation was to an insider; (c) the debtor retained possession or control of the property transferred after the transfer; (d) before the transfer was made or obligation incurred, the debtor had been sued or threatened with suit; (e) the transfer was of substantially all the debtor's assets; (f) the debtor absconded; (g) the debtor removed or concealed . . . assets; (h) the value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (i) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation incurred; (j) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (k) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

*See also In re Carey*, 938 F.2d 1073, 1077 (10th Cir. 1991) (identifying the same factors). Examining the amended complaint in light of these indicia of fraud, this court finds that Mr. Rupp has failed to allege sufficient facts that, when deemed admitted, would establish Ms. Pearson's fraudulent intent.

For instance, there are no allegations Ms. Pearson concealed the fact that she spent the tax return, absconded after the transfer, or otherwise concealed any assets. Nor is there any indication that the transfer was gratuitous, for less than reasonably equivalent value, or to an insider, friend, or family member. To the contrary, the amended complaint alleges that Ms. Pearson spent the money on personal items, presumably paying it to neutral third-parties. (Aplt. Appx. p. 20). Similarly, Ms. Pearson did not continue to use the refund because the amended complaint alleges that she spent it all. (*Id.*).

In addition, the amended complaint fails to allege that Ms. Pearson faced the threat of lawsuit prior to spending the refund, or that spending the refund resulted in her insolvency. Rather, Ms. Pearson and her husband's repeated bankruptcy filings as identified in the amended

5

complaint give rise to the contrary inference: that they have suffered repeated and significant financial difficulties over the last twenty-two years. There are likewise no allegations in the amended complaint from which this court can infer that the amount of the refund was all or substantially all of Ms. Pearson's assets. The relatively low monetary value of the tax refund further weighs against the conclusion that Ms. Pearson spent it with the intention of defrauding creditors.

Also problematic is the amended complaint's failure to allege exactly what "non-exempt personal property" Ms. Pearson purchased with the refund. This type of specific factual detail is crucial to assess whether Mr. Rupp has "nudged [his] claims [of fraudulent intent] across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If, for example, Ms. Pearson spent the money on necessary living expenses, an inference of fraud may not be warranted because the asset transfer would have little to do with the creditors. But if she spent the money on gold coins, perhaps it would be reasonable to infer an intent to defraud creditors.[5] *See In re Carey*, 938 F.2d at 1077 (because this inquiry is particularly fact specific, "the activity in each situation must be viewed individually"). Where the amended complaint lacks this specific detail, Mr. Rupp has not established a plausible claim to deny Ms. Pearson's discharge under § 727(a)(2)(A).

To be sure, the complaint does allege that Ms. Pearson spent the refund shortly before the filing of the Chapter 7 bankruptcy petition, while she was involved in the Chapter 13 proceeding. But these facts are insufficient to establish plausible grounds to deny discharge under § 727(a)(2)(A). The Tenth Circuit has held that mere temporal proximity of the asset transfer is

---

[5] Although it is undisputed that Ms. Pearson spent the refund on living expenses, bills, and her children, the court's inquiry is limited to the allegations in the amended complaint. If the court were to consider this undisputed fact, it would weigh strongly against finding actual intent to defraud.

insufficient to establish fraudulent intent. *In re Brown*, 108 F.3d 1290, 1293 (10th Cir. 1997)1293 ("The mere fact that a transaction occurred soon before the filing of bankruptcy does not necessarily support the inference of fraud. The circumstances of the transaction must be examined." (internal citations omitted)). Ms. Pearson's knowledge that she was required to turn a portion of the refund over to the Chapter 13 trustee similarly fails to establish her actual intent to defraud creditors. Again, Mr. Rupp's amended complaint fails to provide specific factual details that would show Ms. Pearson spent the refund with the intent to defraud creditors rather than for some other reason, such as paying necessary living expenses. If, for instance, Ms. Pearson spent the money on necessary living expenses, the court will not infer fraud simply because she was at that time involved in a Chapter 13 bankruptcy proceeding.[6] Thus, even where the factual allegations in the complaint are deemed admitted, Mr. Rupp has not plausibly established that he is entitled to deny Ms. Pearson's discharge under § 727(a)(2)(A). *See, e.g.*, *id.* at 1293–94 (concluding there was insufficient evidence of fraudulent intent where, among other things, the debtor transferred a security interest in his antique cars to obtain a cash infusion for his business, which was his sole source of income, there was no evidence that the money was not reasonably used or that it was squandered, and there was nothing inappropriate in maintaining possession of the vehicle).[7]

---

[6] Mr. Rupp's reliance on *Standiferd v. U.S. Tr.*, 641 F.3d 1209, 1214 (10th Cir. 2011), is unavailing. There, the Court explained that discharge could be disallowed under § 727(a)(6)(A) for a debtor's failure to comply with a lawful court order. But the Court did not consider whether failure to comply with a Chapter 13 bankruptcy plan is indicia of fraud sufficient to deny discharge under § 727(a)(2)(A). Thus, it does not govern the court's inquiry in this case.

[7] In recognizing that there are different possible scenarios implicated by the facts of the amended complaint, the court does not impermissibly take the facts in the light most favorable to Ms. Pearson. Rather, the court provides these examples to illustrate that the allegations in the amended complaint fall short of providing the detail necessary to establish a plausible claim of fraudulent intent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." (internal quotation marks and brackets omitted)). Of course the court must view the allegations in the amended complaint in the light most favorable to Mr. Rupp. But the court "will not supply additional facts" or "assume[] facts that have not been

In sum, the bankruptcy court acted appropriately in denying the motion for default judgment and dismissing the amended complaint. The bankruptcy court correctly determined that the factual allegations in the amended complaint, when deemed admitted, failed to state legitimate grounds to deny discharge under § 727(a)(2)(A). The bankruptcy court was also correct to dismiss the amended complaint with prejudice. Mr. Rupp has had the opportunity to amend his complaint once. And neither before the bankruptcy court nor this court does Mr. Rupp provide any additional allegations that would provide the factual detail necessary to entitle him to judgment against Ms. Pearson. Accordingly, further amendment would be futile. *See Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (holding court properly dismissed complaint with prejudice where plaintiff failed to explain how he would have rectified any identified deficiencies in his complaint through amendment).

## CONCLUSION

The bankruptcy court thoroughly and thoughtfully examined this case under the applicable legal standards and reached the conclusion compelled by law. The decision of the bankruptcy court is **AFFIRMED**.

SO ORDERED this 21st day of December, 2015.

>                               BY THE COURT:
>
>                               [signature]
>                               Clark Waddoups
>                               United States District Court Judge

---

pleaded," *see Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), in assessing whether Ms. Pearson acted with the actual intent to defraud.